UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHN H. JONES (#313554)

VERSUS                                          CIVIL ACTION

WEST BATON ROUGE SHERIFF'S                      NUMBER 10-411-RET-SCR
DEPARTMENT, ET AL

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 4, 2010.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN H. JONES (#313554)

VERSUS                                               CIVIL ACTION

WEST BATON ROUGE SHERIFF'S                           NUMBER 10-411-RET-SCR
DEPARTMENT, ET AL

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the West Baton Rouge Parish Sheriff's Office and West Baton Rouge Parish.  Plaintiff alleged that he was subjected to an illegal arrest and false imprisonment in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes.  *Id.; Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on April 16, 2005, he was arrested by the West Baton Rouge Parish Sheriff's Department on charges of aggravated rape and aggravated kidnapping.  Plaintiff alleged that on August 25, 2005, he was acquitted of those charges by a grand jury in the Eighteenth Judicial District Court.  Plaintiff alleged that on that same date, the district attorney re-filed the charges.  Plaintiff alleged that while being held on the aggravated rape and aggravated kidnapping charges, he was charged with attempted first degree murder during an attempted aggravated escape. Plaintiff alleged that he was found guilty of the attempted first degree murder charges and on October 3, 2006, was sentenced to life imprisonment.  Plaintiff alleged that on June 24, 2009, the Eighteenth Judicial District Court and the District Attorney for the Parish of West Baton Rouge "recalled" the charges of aggravated

2

rape and aggravated kidnapping.  Plaintiff sought redress for an illegal arrest and false imprisonment on the aggravated rape and aggravated kidnapping charges.

First, the plaintiff named the West Baton Rouge Parish Sheriff's Office and West Baton Rouge Parish as defendants but failed to allege any facts against either which rises to the level of a constitutional violation.

Second, the plaintiff named the "West Baton Rouge Parish Sheriff's Office" as a defendant.  Under Rule 17(b), Federal Rules of Civil Procedure, the capacity to sue or be sued must be determined by the law of the state in which the district court is held.  Under Louisiana law a parish sheriff, whether in his individual or official capacity, is the proper party defendant.  It is also well settled under Louisiana law that a sheriff's department or office or "parish prison" is not a separate legal entity capable of being sued.  *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665 668 (La. 1997); *Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980).[1]

Finally, insofar as the complaint can be read to allege that the District Attorney for the Parish of West Baton Rouge violated the plaintiff's constitutional rights when he re-filed criminal charges against the plaintiff, the claim is without merit.

---

[1] *See*, e.g., *Kirk v. Cronvich*, 629 F.2d 404, 405 (5th Cir. 1980), *overruled on other grounds, Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379 (1986).

Prosecutors are cloaked with absolute immunity for actions taken in initiating a prosecution and in presenting the state's case.  *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, August 4, 2010.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE